UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES ROBINSON,                                    Case No. 14-11987

           Plaintiff,                       Linda V. Parker
v.                                                   United States District Judge

STEPHEN ANDREWS, et al.,                             Michael Hluchaniuk
                                                     United States Magistrate Judge

           Defendants.
_____/

**REPORT AND RECOMMENDATION**
**PLAINTIFF'S MOTIONS FOR INJUNCTIVE RELIEF (Dkt. 9, 12)**

## I.  PROCEDURAL HISTORY

On May 19, 2014, plaintiff Charles Robinson, an inmate incarcerated by the

Michigan Department of Corrections and currently confined at the Oaks

Correctional Facility in Manistee, Michigan, brought this action under 42 U.S.C.

§ 1983, claiming a violation of his rights under the United States Constitution.

(Dkt. 1).  Plaintiff filed an amended complaint on July 2, 2014, adding two named

defendants.  (Dkt. 18).  On September 10, 2014, District Judge Linda V. Parker

referred this matter to the undersigned for all pretrial proceedings.  (Dkt. 40).

Plaintiff filed two motions with the Court for injunctive relief, both seeking to be

transferred to federal protective custody and to be provided adequate medical care.

(Dkt. 9, 12).

1

These motions are now ready for report and recommendation.  For the reasons set forth below, the undersigned **RECOMMENDS** that plaintiff's motions for injunctive relief be **DENIED in part** as to his requests to be transferred to federal protective custody.  By separate order, the undersigned will further direct defendants to respond to plaintiff's allegations in the motions that he is being denied adequate medical treatment and is entitled to injunctive relief.

## II.   FACTUAL BACKGROUND

### A.   Plaintiff's Complaint

Plaintiff, an inmate currently in the custody of the Michigan Department of Corrections (MDOC), brings this action under 42 U.S.C. § 1983, claiming a violation of his rights under the United States Constitution.  (Dkt. 18).  Plaintiff complains of "procedural due process violations" by defendants Michele Spivey, Cheryl Evans and Joan Youkins in 2005, that resulted in his return to prison. Plaintiff further complains that after he was paroled in 2011, he was forced to attend Sex Offender Therapy (SOT) and threatened to violate his parole if he did not attend.  According to plaintiff's complaint, defendant Hughes used excessive force when plaintiff was arrested on April 19, 2013, including slamming him, face down, on a desk and putting handcuffs on too tight.  Plaintiff alleges that defendants Andrews and Maudlin from the Pittsfield Police Department arrived on the scene and also used excessive force against plaintiff, resulting in a big cut on

plaintiff's chin.  Plaintiff claims that defendants interfered with him getting the medical treatment he needed for his injuries.  Plaintiff complains that the MDOC officials further refused to properly treat his injuries and that he was denied medical treatment.  Plaintiff alleges claims for (1) violation of his Fourth Amendment rights for unreasonable search and seizure on April 20, 2005 and April 23, 2013; (2) violation of his Fourteenth Amendment rights to due process leading to obtaining a "tainted conviction" on December 2, 2013; and (3) cruel and unusual punishment in violation of his Eighth Amendment rights by denying and delaying proper medical treatment and other hardships, including causing him to be in fear for his life.

### B.   Plaintiff's Motions (Dkt. 9, 12)

Plaintiff filed two motions seeking injunctive relief.  Specifically, plaintiff seeks to "be put in federal custody for protection and to be treated for medical issues also for psychological treatment."  (Dkt. 9, 12).  Plaintiff claims that his safety is in great danger within the MDOC and there are rumors that there is a "hit" targeting plaintiff and that he thus needs to be transferred from the MDOC and be placed in federal protective custody.  Plaintiff also complains that defendants have refused to treat him for injuries he suffered when he was allegedly assaulted by a police officer on April 23, 2013, and have refused to treat him for other medical issues he has been complaining about since his incarceration.

Plaintiff requests to be treated for these medical conditions.

## III.   ANALYSIS AND CONCLUSIONS

### A.   Transfer to Federal Custody

Plaintiff seeks a transfer from the MDOC to federal protective custody.

However, as this court has previously stated:

> [T]his court is without authority to grant the relief
> requested.  Although in extreme cases a federal court
> may order state officials to transfer a prisoner to a
> different facility to remedy a constitutional violation,
> such a power does not extend to order the state to
> transfer a prisoner to the federal prison system, or to
> requiring the federal prison system to accept the
> prisoner. "[W]hen a state has primary custodial
> jurisdiction over an inmate, a federal court cannot order
> the delivery of the defendant for service of a sentence in
> a federal institution.  Such an order would be tantamount
> to a transfer of custody beyond the jurisdiction of the
> federal court." *Fisher v. Goord*, 981 F. Supp. 140, 176
> (S.D.N.Y. 1997); *see also, Moore v. Schuetzle*, 486 F.
> Supp.2d 969, 981 (D.N.D. 2007).

*Dunbar v. Caruso*, 2012 WL 3308407, at *1 (E.D. Mich. Aug. 13, 2012) (denying

plaintiff's motion for transfer to a federal prison); *see also Ragland v. Schneider*,

2013 WL 782091, at *1 (E.D. Mich. Feb. 28, 2013) (noting that the court "does

not have the authority to order the Michigan Department of Corrections

("MDOC") to transfer Plaintiff to a different facility"); *Quezada v. Fischer*, 2014

WL 1289606, at *5 (N.D.N.Y. Mar. 31, 2014) ("Indeed, insofar as [plaintiff] seeks

transfer to Federal custody, such relief is inappropriate because the court lacks the

4:14-cv-11987-LVP-SDD Doc # 69 Filed 11/14/14 Pg 5 of 7 Pg ID 770

authority to order the placement of a state prisoner into the custody of a federal agency.") (citing *Fisher supra*). Therefore, this Court lacks the power to order state officials to transfer plaintiff to federal custody, and plaintiff's motions seeking such a transfer (Dkt. 9, 12) should be **DENIED**.

### B. Medical Treatment

Plaintiff's motions also seek injunctive relief directing defendants to provide him with proper medical treatment. Plaintiff alleges that he was assaulted by police officer Stephen Andrews on April 23, 2013, but that healthcare has repeatedly refused to provide proper medical treatment for his injuries. He complains of constant headaches and numbness in both hands. He further contends that he has been complaining about other medical issues since he has been incarcerated, including excessive urination, jaw pain and psychological trauma, but that healthcare has refused to treat those conditions or provide any testing. By separate order, defendants will be directed to file a response to plaintiff's motions (Dkt. 9, 12) seeking injunctive relief in the form of medical treatment.

## IV. RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that plaintiff's motions seeking injunctive relief (Dkt. 9, 12) be **DENIED in part**. Specifically, plaintiff's motions seeking to be transferred to federal custody should

be **DENIED**, and by separate order, defendants will be directed to file a response

to plaintiff's motions to the extent they seek injunctive relief directing defendants

to provide him with proper medical treatment.

The parties to this action may object to and seek review of this Report and

Recommendation, but are required to file any objections within 14 days of service,

as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule

72.1(d).  Failure to file specific objections constitutes a waiver of any further right

of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and

Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some

issues but fail to raise others with specificity will not preserve all the objections a

party might have to this Report and Recommendation.  *Willis v. Sec'y of Health

and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of

Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule

72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2,"

etc.  Any objection must recite precisely the provision of this Report and

Recommendation to which it pertains.  Not later than 14 days after service of an

objection, the opposing party may file a concise response proportionate to the

objections in length and complexity.  Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d).

The response must specifically address each issue raised in the objections, in the

same order, and labeled as "Response to Objection No. 1," "Response to Objection

No. 2," etc.  If the Court determines that any objections are without merit, it may

rule without awaiting the response.

Date: November 14, 2014                           s/Michael Hluchaniuk
                                                  Michael Hluchaniuk
                                                  United States Magistrate Judge

<strong><u>CERTIFICATE OF SERVICE</u></strong>

        I certify that on November 14, 2014, I electronically filed the foregoing
paper with the Clerk of the Court using the ECF system, which will send
electronic notification to all counsel of record and that I have mailed by U.S.
Postal Service to the following non-ECF participant: <u>Christopher Robinson,
#206760, Oaks Correctional Facility, 1500 Caberfae Highway, Manistee, MI
49660.</u>

                                                  s/Tammy Hallwood
                                                  Case Manager
                                                  (810) 341-7887
                                                  tammy_hallwood@mied.uscourts.gov