UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER ROBINSON,                    Case No. 14-11987

             Plaintiff,                    Linda V. Parker
v.                                       United States District Judge

STEPHEN ANDREWS, et al.,                 Michael Hluchaniuk
                                         United States Magistrate Judge

             Defendants.
_____/

**REPORT AND RECOMMENDATION**
**PLAINTIFF'S MOTIONS FOR INJUNCTIVE RELIEF (Dkt. 9, 12)**

**I.      PROCEDURAL HISTORY**

On May 19, 2014, plaintiff Charles Robinson, an inmate incarcerated by the

Michigan Department of Corrections and currently confined at the Oaks

Correctional Facility in Manistee, Michigan, brought this action under 42 U.S.C.

§ 1983, claiming a violation of his rights under the United States Constitution.

(Dkt. 1). Plaintiff filed an amended complaint on July 2, 2014, adding two

defendants. (Dkt. 18). On September 10, 2014, District Judge Linda V. Parker

referred this matter to the undersigned for all pretrial proceedings. (Dkt. 40).

Plaintiff filed two motions with the Court for injunctive relief, both seeking to be

transferred to federal protective custody and to be provided adequate medical care.

(Dkt. 9, 12). On November 14, 2014, the Court entered a report and

recommendation that plaintiff's motions for injunctive relief be denied in part as to his requests to be transferred to federal protective custody.  (Dkt. 69).  That report and recommendation was adopted by the District Judge on December 23, 2014.  (Dkt. 89).  By separate order, the Court further directed defendants to respond to plaintiff's allegations in the motions that he is being denied adequate medical treatment and is entitled to injunctive relief.  (Dkt. 70).  Pursuant to that order, defendants filed a response to plaintiff's motions on December 2, 2014.  (Dkt. 75, 76).  Plaintiff filed a reply brief on January 20, 2015.  (Dkt. 92).

These motions are now ready for report and recommendation.  For the reasons set forth below, the undersigned **RECOMMENDS** that plaintiff's motions for injunctive relief regarding his medical care (Dkt. 9, 12) be **DENIED**.

## II.    FACTUAL BACKGROUND

### A.    Plaintiff's Amended Complaint (Dkt. 18)

Plaintiff, an inmate currently in the custody of the Michigan Department of Corrections (MDOC), brings this action under 42 U.S.C. § 1983, claiming a violation of his rights under the United States Constitution.  (Dkt. 18).  Plaintiff complains of "procedural due process violations" by defendants Michele Spivey, Cheryl Evans and Joan Youkins in 2005, that resulted in his return to prison.  Plaintiff further complains that after he was paroled in 2011, he was forced to attend Sex Offender Therapy (SOT) and threatened to violate his parole if he did

2

not attend.  According to plaintiff's amended complaint, defendant Hughes used

excessive force when plaintiff was arrested on April 19, 2013, including slamming

him, face down, on a desk and putting handcuffs on too tight.  Plaintiff alleges that

defendants Andrews and Maudlin from the Pittsfield Police Department arrived on

the scene and also used excessive force against plaintiff, resulting in a big cut on

plaintiff's chin.  Plaintiff claims that defendants interfered with him getting the

medical treatment he needed for his injuries.  Plaintiff complains that the MDOC

officials further refused to properly treat his injuries and that he was denied

medical treatment.  Plaintiff alleges claims for (1) violation of his Fourth

Amendment rights for unreasonable search and seizure on April 20, 2005 and

April 23, 2013; (2) violation of his Fourteenth Amendment rights to due process

leading to obtaining a "tainted conviction" on December 2, 2013; and (3) cruel

and unusual punishment in violation of his Eighth Amendment rights by denying

and delaying proper medical treatment and other hardships, including causing him

to be in fear for his life.

### B.     Plaintiff's Motions (Dkt. 9, 12)

Plaintiff filed two motions seeking injunctive relief.  (Dkt. 9, 12).

Specifically, plaintiff seeks "to be treated for medical issues also for psychological

treatment."  Plaintiff claims that defendants have delayed or refused to treat him

for injuries he suffered when he was allegedly assaulted by a police officer on

3

April 23, 2013, and have refused to treat him for other medical issues he has been complaining about since his incarceration. Plaintiff alleges that inadequate medical treatment from the MDOC left scar tissue and nerve damage on his face as a result of receiving improper stitches for a laceration to his chin. Plaintiff complains he has not been treated for his complaints of frequent urination, and has not received x-rays for his complaints of jaw pain and headaches. He further complains that he has numbness in both hands from handcuffs being placed too tightly on his wrists, and that he has been psychologically traumatized and suffered emotional distress. Plaintiff requests to be treated for these medical conditions.

### C.      MDOC Defendants' Response (Dkt. 75)

Defendants respond that plaintiff's motions for injunctive relief should be denied because he has not met his burden of proof. Defendants argue that, as stated in their pending dispositive motions, plaintiff cannot demonstrate a "strong or substantial likelihood of success" on his underlying claims because none of the MDOC defendants had any involvement in plaintiff's medical care, and because plaintiff has not alleged that they did in his motions for injunctive relief.

Defendants further argue that plaintiff presents no threat of irreparable harm, because, contrary to his claims, his heath care requests have not been ignored. Defendants contends that plaintiff's medical records clearly demonstrate

that his physical and mental health needs have been addressed and treatment

continues.  (Dkt. 76, Ex. A, Plaintiff's medical records).  According to defendants,

since his return to a correctional facility on April 23, 2013, plaintiff has had 79

documented contacts with health care providers as of November 18, 2014.  For

example, on April 25, 2013, plaintiff was provided medical treatment for a chin

laceration; his medical details and accommodations were updated; and medication

was ordered.  On May 1, 2013, his sutures were removed, it was noted that the

incision was well healed, and plaintiff was provided with a self-treatment plan.

On May 3, 2013, plaintiff was examined by Dr. Alexis, found to be in good health

and cleared for transfer to any correctional facility.

Defendants contend that plaintiff's complaints of intermittent jaw pain were

addressed on numerous occasions and he was provided compress therapy and

ibuprofen to address a nerve issue.  On May 10, 2013, plaintiff informed therapist

Carrie E. McRoberts that he did not need any mental health services.  However,

plaintiff had additional contact with mental health professionals on June 20;

August 15; October 25, 2013; and on August 5; August 19; August 27; September

10; September 19; September 23; October 14; November 7; and November 18,

2014.  Plaintiff complained of depression and at times, complained of being upset

with his return to prison with three weeks left before he would have been

discharged from parole, was diagnosed with a mild adjustment disorder and

personality disorder, and offered therapy.

Beginning on July 2, 2013, plaintiff was examined by medical staff on several occasions for complaints of numbness in his thumbs. Defendants contend that full nursing assessment protocols were completed for Neurological and Musculoskeletal complaints with no abnormal findings seen related to plaintiff's complaints. Plaintiff was provided instructions on self-physical therapy. Plaintiff was also evaluated numerous times for complaints of facial pain, and it was determined that plaintiff had a keloid scar and possibly residual nerve damage, but that plaintiff maintained his ability to chew, speak, swallow, drink water, and carry out ADLs.

Defendants further contend that plaintiff's complaints of stomach pain/constipation have also been addressed, and that plaintiff has been examined by a wide range of healthcare professionals on an almost weekly basis, sent off-site for x-rays in March 2014, provided various medications, some of which were on a trial basis, and had contact with a Registered Dietician. Defendants assert that all of plaintiff's nursing assessments were negative for any problems; his urine dipstick test and fecal occult blood test were normal; and his x-ray review indicated mild Ileus with no evidence of mass or obstruction.

Defendants argue that although a failure to provide needed medical care by one having custody of a prisoner may, under certain circumstances, impose

liability under 42 U.S.C. § 1983, there is a distinction between cases involving a complete denial of medical care and those cases where the prisoner alleges he has received inadequate medical care.  Moreover, defendants continue, disagreement between an inmate and medical personnel regarding diagnosis and course of treatment does not implicate the Eighth Amendment, and questions of medical judgment are not subject to judicial review. *Russell v. Sheffer*, 528 F.2d 318 (4th Cir. 1975).  "Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Westlake v. Lucas,* 537 F.2d 857, 860 n. 5 (6th Cir. 1976).

Defendants argue that while plaintiff has apparently suffered some level of bodily discomfort, his pain and medication concerns were not disregarded by the medical staff, and plaintiff's claim here is dissatisfaction and a difference of opinion with regard to the treatment rendered, and thus does not give rise to a claim under § 1983 or a preliminary injunction.  Furthermore, defendants continue, this Court should not substitute its opinion regarding the course of medical treatment for that of the physicians, and it is clear on this record that plaintiff's medical conditions have been and are still being monitored and treated by medical providers at ECF.  Defendants conclude that, based upon these facts, plaintiff cannot show a substantial likelihood of success on the merits, and his

allegations of irreparable harm are speculative.

Defendants further argue that the final two factors weigh in their favor, as the state's interest in managing its prisons is substantial, and the federal courts should not lightly interfere, and the public interest favors allowing state corrections officials to operate prisons as opposed to inmates dictating the day-to-day affairs of a prison.

## III.   ANALYSIS AND CONCLUSION

### A.   Governing Law

Plaintiff seeks an injunction compelling defendants to provide him with a medically appropriate course of medications and treatment for his medical issues, including mental health therapy.  In determining whether a TRO is proper, the court considers four factors: (1) whether plaintiff has a strong likelihood of success on the merits; (2) whether plaintiff has shown irreparable injury; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of the injunction.  *See Tumblebus Inc. v. Cranmer*, 399 F.3d 754, 760 (6th Cir. 2005).  Although no single factor is controlling when determining whether a preliminary injunction should issue, the likelihood of success on the merits is often the predominant consideration.  *Gonzales v. National Bd. of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir. 2000) ("[A] finding that there is simply no likelihood of success on the merits

8

is usually fatal."). Plaintiff bears the burden of demonstrating his entitlement to a preliminary injunction, and his burden is a heavy one because injunctive relief is "an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). Indeed, the "proof required for the plaintiff to obtain a preliminary injunction is much more stringent than the proof required to survive a summary judgment motion." *Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000); *see also McNeilly v. Land*, 684 F.3d 611, 615 (6th Cir. 2012) ("The proof required for the plaintiff to obtain a preliminary injunction is much more stringent than the proof required to survive a summary judgment motion because a preliminary injunction is an extraordinary remedy."). "Further, where a prison inmate seeks an order enjoining state prison officials, this Court is required to proceed with the utmost care and must be cognizant of the unique nature of the prison setting." *See Christian v. Michigan Dep't of Corrs.-Health Servs.*, 2013 WL 607783, at *2 (E.D. Mich. Jan. 28, 2013), *adopted by* 2013 WL 607779 (E.D. Mich. Feb. 19, 2013) (citing *Kendrick v. Bland*, 740 F.2d 432, 438 n. 3 (6th Cir. 1984)). Indeed, the Prison Litigation Reform Act requires that "[p]reliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm."

9

18 U.S.C. § 3626(a)(2).

"The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held." *Univ. of Texas v. Camenisch*, 451 U.S. 390, 395 (1981). Because of this, courts have identified three types of particularly disfavored preliminary injunctions: "(1) preliminary injunctions that alter the status quo; (2) mandatory preliminary injunctions; and (3) preliminary injunctions that afford the movant all the relief that [he] could recover at the conclusion of a full trial on the merits." *See Schrier v. Univ. of Colorado*, 427 F.3d 1253, 1259 (10th Cir. 2005). Motions seeking such preliminary injunctive relief must be more closely scrutinized than the already-disfavored motion for preliminary injunction which seeks to maintain the status quo. *See id*.

**B.     Analysis of the Preliminary Injunction Factors**

Under controlling Sixth Circuit authority, plaintiff's "initial burden" in demonstrating entitlement to preliminary injunctive relief is a showing of a strong or substantial likelihood of success on the merits of his action. *NAACP v. City of Mansfield, Ohio*, 866 F.2d 162, 167 (6th Cir. 1989). Plaintiff here alleges, in part, an Eighth Amendment claim for deliberate indifference to his medical needs. (Dkt. 18). In the context of medical care, a prisoner's Eighth Amendment right to be free from cruel and unusual punishment is violated only when the prisoner can demonstrate a "deliberate indifference" to his serious medical needs. *Estelle v.*

10

*Gamble*, 429 U.S. 97, 104-06 (1976). "Where a prisoner has received some medical attention and the dispute is over the adequacy of treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims that sound in state tort law." *Westlake v. Lucas*, 537 F.2d 857, 860 n. 5 (6th Cir. 1976) (citations omitted). Moreover, mere negligence in identifying or treating a medical need does not rise to the level of a valid mistreatment claim under the Eighth Amendment. *Estelle*, 429 U.S. at 106.

The undersigned finds that, based on the evidence in the record, plaintiff has failed to meet his "initial burden" of showing a strong or substantial likelihood of success on the merits. Rather, the essence of plaintiff's allegations reflect plaintiff's disagreement with defendants over proper medical treatment and the necessity for different treatment, which is insufficient to support a claim under the Eighth Amendment. *See Saadeh v. Hemingway,* 37 Fed. Appx. 194, 195 (6th Cir. 2002) (holding plaintiff's motion for injunctive relief was properly denied because his complaint--that he was not being properly treated for back pain--failed to state a claim of an Eighth Amendment violation); *Chapman v. Parke*, 1991 WL 203080, at *2 (6th Cir. Oct. 4, 1991) ("[A] difference of opinion regarding treatment or his need for surgery is insufficient to state a claim under the Eighth Amendment.").

The record shows that plaintiff has received continuous medical evaluations, tests, treatment and medication while incarcerated by the MDOC.

(Dkt. 75, 76). Indeed, as defendants point out, as of November 18, 2014, plaintiff has had 79 documented contacts with health care providers since his return to a correctional facility in April 2013. Plaintiff acknowledges that he received treatment (Dkt. 18, 92), but contends that the evaluations were not adequate or were delayed and that he did not receive proper treatment and testing. The record shows that plaintiff's requests for treatment were not ignored. Rather, plaintiff was prescribed alternative courses of treatment based on the doctors' exercise of their professional medical judgment regarding the appropriate course of treatment. Even if these decisions were wrong or negligent, they do not show deliberate indifference to plaintiff's serious medical needs. *See Rhinehart v. Scutt*, 509 Fed. Appx. 510, 513 (6th Cir. 2013) ("Neither negligence alone, nor a disagreement over the wisdom or correctness of a medical judgment, is sufficient for the purpose of a deliberate indifference claim."). Health care providers provided medical attention and provided diagnostic tests and medication, just not the medication or treatment plaintiff wanted. That plaintiff disagrees with this course of treatment does not amount to deliberate indifference because it is well settled that "differences in judgment between an inmate and prison medical personnel regarding the appropriate medical diagnoses or treatment are not enough to state a deliberate indifference claim." *Christian*, 2013 WL 607783, at *5 (citation omitted); *see also Greenman v. Prison Health Servs.*, 2011 WL 6130410, at *10

12

(W.D. Mich. Dec. 8, 2011) (granting summary judgment where "the record shows that defendant treated plaintiff's condition on an ongoing basis with appropriate medications. Further, plaintiff's preference for narcotics and his dissatisfaction with the non-narcotic pain medications prescribed by [defendant] falls far short of supporting an Eighth Amendment claim.").

In sum, plaintiff's disagreement with particular medical decisions made by health care providers and his conclusory allegations of deliberate indifference do not negate defendants' allegations that plaintiff's medical needs were reasonably and diligently addressed over an extended period of time, and continue to be addressed. Moreover, even if plaintiff is able to show a disputed issue of fact as to whether his medical treatment is appropriate, such a showing is not sufficient for equitable relief. *See Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000) (noting that the proof required to obtain a preliminary injunction is much more stringent than the proof required to survive a summary judgment motion). This Court is ill-equipped to micro-manage prison medical treatment. *See Westlake*, 537 F.2d at 860 n. 5. Although the undersigned makes no final determination on the merits of plaintiff's claim, it appears at this stage that plaintiff has not made a substantial showing of deliberate indifference to a serious medical need. Plaintiff, therefore, fails to demonstrate a strong likelihood of success on the merits of his claims, based on the evidence in the record to date, and his motions for injunctive

13

relief should be denied.

Given plaintiff's lack of likelihood of success on the merits, it is not necessary to discuss the other injunction factors in great detail. *See Gonzales*, 225 F.3d at 625 ("Although no one factor is controlling, a finding that there is simply no likelihood of success on the merits is usually fatal."). The presence of irreparable harm is not evident in this matter. First, because it appears unlikely, on the current record, that plaintiff will be able to demonstrate that he has a cognizable constitutional claim, he is not entitled to a presumption of irreparable harm based on the alleged constitutional violation. *See*, *e.g.*, *Overstreet*, 305 F.3d at 578. Plaintiff's medical records demonstrate that his physical and mental health needs have been addressed (plaintiff has had 79 documented contacts with health care providers) and treatment continues. In short, plaintiff has not set forth specific facts showing an immediate, concrete and irreparable harm in the absence of an injunction.

Finally, the interests of the identifiable third parties and the public at large weigh against an injunction. "The MDOC has an interest in promulgating and enforcing prison regulations, including reasonable rules involving prisoner health care, and in contracting with licensed medical providers such as PHS [and CMS]. The public has an interest both in ensuring that prison inmates receive medical care, and also in having a well-regulated and operated prison system. PHS [and

14

CMS] and [their] medical personnel have an interest in practicing medicine based on their best medical judgment and on the needs of their patients." *Robbins v. Payne*, 2012 WL 3584235, at *3 (E.D. Mich. July 9, 2012) (denying plaintiff's motion for preliminary injunctive relief), *adopted by* 2012 WL 3587631 (E.D. Mich. Aug. 20, 2012).  Decisions concerning the administration of prisons are vested in prison officials, in the absence of a constitutional violation, and any interference by the federal courts in that activity is necessarily disruptive.  The public welfare therefore militates against the issuance of preliminary injunctive relief in the prison context, absent a sufficient showing of a violation of constitutional rights.  *See Glover v. Johnson*, 855 F.2d 277, 286-87 (6th Cir. 1988).  And, plaintiff is, in effect, seeking relief as if he has already prevailed on the merits and demonstrated inadequate care.  But the purpose of a preliminary injunction is to maintain the relative positions of the parties until proceedings on the merits can be conducted.  *Camenisch*, 451 U.S. at 395.  Because plaintiff's requested relief would alter the status quo, the public interest is not served by granting the motion for a preliminary injunction.  Therefore, a balancing of the above factors weighs substantially against a grant of preliminary injunctive relief.

## IV.   RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that plaintiff's motions for injunctive relief regarding his medical care (Dkt. 9, 12) be

**DENIED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may

16

rule without awaiting the response.

Date: January 22, 2015                          s/Michael Hluchaniuk
                                                Michael Hluchaniuk
                                                United States Magistrate Judge

## CERTIFICATE OF SERVICE

I certify that on January 22, 2015, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to all counsel of record, and I certify that I have mailed by United States Postal Service the foregoing pleading to the following non-ECF participant, at the following address: Christopher Robinson #206760, Oaks Correctional Facility, 1500 Caberfae Highway, Manistee, MI 49660.

s/Tammy Hallwood
Case Manager
(810) 341-7887
tammy_hallwood@mied.uscourts.gov