UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER ROBINSON,                    Case No. 14-11987

              Plaintiff,               Linda V. Parker
v.                                       United States District Judge

STEPHEN ANDREWS, et al.,                 Michael Hluchaniuk
                                         United States Magistrate Judge

              Defendants.
_____/

**REPORT AND RECOMMENDATION
PLAINTIFF'S MOTION FOR AN FBI CRIMINAL
INVESTIGATION AND INJUNCTIVE RELIEF [Dkt. 124]**

**I.      BACKGROUND**

On May 19, 2014, plaintiff Christopher Robinson, an inmate incarcerated by

the Michigan Department of Corrections ("MDOC") and currently confined at the

Carson City Correctional Facility in Carson City, Michigan, brought this action

under 42 U.S.C. § 1983, claiming a violation of his rights under the Fourth, Eighth

and Fourteenth Amendments of the United States Constitution.  (Dkt. 1).  Plaintiff

filed an Amended Complaint on July 2, 2014, adding two defendants.   (Dkt. 18).

On September 10, 2014, District Judge Linda V. Parker referred this matter to the

undersigned for all pretrial proceedings.  (Dkt. 40).

On July 9, 2015, plaintiff filed a motion indicating that his life was being

threatened and that he was being harassed by prison officials and administrative

1

staff.  (Dkt. 124, at 1).  Plaintiff also alleges that Michigan Parole Board Member

Anthony King stated that if he filed a complaint about these matters, plaintiff

could be "harmed" and be "maxed out" of his prison sentence.  (*Id*.)  Plaintiff also

claims that prison warden Steve Rivard and his prison administrative staff

"constantly sexually harassed" him and made several death threats.  (*Id*. at 5).

Plaintiff nevertheless filed his civil complaint (Dkt. 1) for being assaulted by a

police officer while in the custody of the MDOC.  Plaintiff alleges that he has been

intentionally labeled a snitch, a homosexual, and has been put on administrative

segregation for months without any type of hearing.  (Dkt. 124, at 1).  Plaintiff

also alleges that false tickets have been written to confine him to his cell, his mail

has been tampered with, and that he has been denied access to legal materials.

(*Id*.)  Plaintiff claims that he has written numerous grievances concerning these

matters, however, all of his grievances have been "stolen" by prison staff to keep

him from exhausting his claims.  (*Id*. at 5).  Plaintiff asks the court to order an

Federal Bureau of Investigation (FBI) investigation into what he considers a

"conspiracy" to violate his civil rights, and for injunctive relief.  (Dkt. 124, at 1).

## II.   ANALYSIS AND CONCLUSIONS

The court first points out that the remedy that plaintiff seeks, an

investigation by the FBI, is not one that can be ordered by the court.  Indeed, in

*Clark v. Beebe*, No. 98-1430, 1999 WL 993979, at *2 (6th Cir. Oct. 21, 1999),

plaintiff sent a letter to the U.S. Attorney General's office in Michigan

complaining about alleged mistreatment at the prison and requested an FBI

investigation.  The letter was forwarded to the FBI's office in Grand Rapids, who

wrote a letter to the plaintiff explaining that such complaints "were not within the

FBI's investigative responsibilities and that the complaints would most effectively

be handled by the Michigan Department of Corrections." (*Id.*)  As in *Clark*, an

FBI investigation here is not an available remedy for plaintiff.

Regarding plaintiff's request for injunctive relief, that request is "an

extraordinary remedy which should be granted only if ... the circumstances clearly

demand it." *Overstreet v. Lexington-Fayette Urban County Gov't*, 305 F.3d 566,

573 (6th Cir. 2002).  To obtain injunctive relief, plaintiff must first show that he

"is being threatened by some injury for which he has no adequate legal remedy."

*Dana Corp. v. Celotex Asbestos Settlement Trust*, 251 F.3d 1107, 1118 (6th Cir.

2001) (citations omitted).  If plaintiff can make this showing, the court must then

examine several factors: (1) whether the movant is likely to prevail on the merits,

(2) whether the movant would suffer irreparable injury if the court does not grant

the injunction, (3) whether a preliminary injunction would cause substantial harm

to others, and (4) whether a preliminary injunction would be in the public interest.

*See Samuel v. Herrick Mem. Hosp.*, 201 F.3d 830, 833 (6th Cir. 2000).  Rather

than prerequisites which must each be satisfied, the relevant factors, none of

3

which are dispositive, are competing considerations to be weighed and balanced. *See Six Clinics Holding Corp., II v. Cafcomp Systems, Inc.*, 119 F.3d 393, 400 (6th Cir. 1997); *Michigan Bell Tele. Co. v. MFS Intelenet of Michigan, Inc.*, 16 F. Supp. 2d 828, 831 (W.D. Mich.1998). Ultimately, the decision whether to grant injunctive relief lies within the court's discretion. *See Dana Corp.*, 251 F.3d at 1118 (the "most significant single component" in the decision whether to grant injunctive relief "is the court's discretion") (citations omitted).  Important to this inquiry, plaintiff's motion is plagued by conclusory allegations with no accompanying supporting facts. According to the undersigned, plaintiff has failed to demonstrate that he is likely to prevail on the merits of his various claims or that he has (or will) suffer any injury for which he has no legal remedy.  Plaintiff has likewise failed to establish that he will (or is likely to) suffer irreparable injury in the absence of the requested relief.

Further, the undersigned is not convinced that the actions complained of in the motion are sufficiently related to the claims alleged in the Amended Complaint.  *Ball v. Famiglio*, 396 Fed. Appx. 836, 837 (3d Cir. 2010) (plaintiff not entitled to preliminary injunction on claims not pending in complaint); *Thomas v. DeBoer*, No. 1:08-744, 2009 WL 4068438 (W.D. Mich. Nov. 23, 2009) (prisoner's motion for preliminary injunction denied where it sought to enjoin three non-parties who allegedly engaged in recent retaliatory acts that were

unrelated to the retaliatory acts at issue in the lawsuit); *Dunbar v. Prelesnik*, No. 1:13CV1100, 2014 WL 4542467, at *5 (W.D. Mich. Sept. 11, 2014).

Finally, the Court finds that the public interest would not be served by unnecessary and unwarranted judicial interference in the day-to-day operations of the Michigan Department of Corrections.

## III.   RECOMMENDATIONS

For these reasons, the undersigned **RECOMMENDS** that plaintiff's motion for an FBI criminal investigation and injunctive relief (Dkt. 124) be **DENIED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2,"

etc.  Any objection must recite precisely the provision of this Report and

Recommendation to which it pertains.  Not later than 14 days after service of an

objection, the opposing party may file a concise response proportionate to the

objections in length and complexity.  Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d).

The response must specifically address each issue raised in the objections, in the

same order, and labeled as "Response to Objection No. 1," "Response to Objection

No. 2," etc.  If the Court determines that any objections are without merit, it may

rule without awaiting the response.

Date: September 11, 2015              s/Michael Hluchaniuk
                                             Michael Hluchaniuk
                                             United States Magistrate Judge

## CERTIFICATE OF SERVICE

       I certify that on September 11, 2015, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to all counsel of record, and I certify that I have mailed by United States Postal Service the foregoing pleading to the following non-ECF participant, at the following address: Christopher Robinson #206760, Carson City Correctional Facility, 10274 Boyer Road, Carson City, MI 48811.

                                             s/Tammy Hallwood
                                             Case Manager
                                             (810) 341-7887
                                             tammy_hallwood@mied.uscourts.gov