UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER ROBINSON,

    Plaintiff,

v.

Case No. 14-11987
Honorable Linda V. Parker

STEPHEN ANDREWS, TANZI COLE
TABB, DAVID BEATY, JOSEPH GONZALEZ,
JAMES B. ROBERTSON, STEPHAN ANDREWS,
SHAWN BOOTH, LUANNE M. REAUME,
CATHOLIC SOCIAL SERVICES, PITTSFIELD TWP.
POLICE DEPT., and JIM MAUDLIN,

    Defendants.
_____/

## OPINION AND ORDER REJECTING PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S DECISION TO STRIKE AMENDED COMPLAINT AND DENY LEAVE TO AMEND

On May 9, 2014, Plaintiff commenced this civil rights action against various defendants pursuant to 42 U.S.C. § 1983. Plaintiff's claims against Defendants arise from his arrest for an alleged parole violation, the revocation of his parole, and events that occurred after he was re-paroled in May 2011. The matter has been referred to Magistrate Judge Stephanie Dawkins Davis for all pretrial matters. It previously was referred to Magistrate Judge Michael Hluchaniuk.[1]

---

[1] The matter was reassigned to Magistrate Judge Davis on January 5, 2016, following Magistrate Judge Hluchaniuk's retirement.

On August 15, 2015, Plaintiff filed a motion for leave to amend his complaint, which Magistrate Judge Hluchaniuk denied in an order entered October 26, 2015. (ECF No. 134.) This was not Plaintiff's first attempt to amend his pleading. (*See* ECF Nos. 104, 84, 53.) Magistrate Judge Hluchaniuk denied Plaintiff's two previous attempts to amend his complaint in an order entered December 18, 2014. (ECF No. 86.) Magistrate Judge Hluchaniuk reasoned that Plaintiff failed to "comply with [Eastern District of Michigan] Local Rule 15.1[,] which requires that 'any amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must … reproduce the entire pleading as amended, and may not incorporate any prior pleading by reference.' " (*Id*., quoting E.D. Mich. LR 15.1.) Magistrate Judge Hluchaniuk cautioned Plaintiff that any future motion to amend must comply with certain Federal Rules of Civil Procedure, several of which he specifically explained to Plaintiff. (*Id*.) The magistrate judge also set a January 5, 2015 deadline for Plaintiff to file any motion to amend. (*Id*.)

Magistrate Judge Hluchaniuk relied on the same reasons for denying Plaintiff's third request to amend his complaint in his October 26, 2015 order. (ECF No. 134 at 1.) Specifically, Magistrate Judge Hluchaniuk explained to Plaintiff again that he failed to produce the entire pleading in his proposed amended complaint. (*Id*.) Instead, he seemed to ask the court to piece together his various filings. Magistrate Judge Hluchaniuk also denied Plaintiff's request because it was submitted after the January 5, 2015 deadline. (*Id*. at 2, quoting ECF No. 86.)

Nevertheless, in early December 2015 and on November 17, 2016, Plaintiff filed additional motions to amend his complaint and proposed amended pleadings. (ECF No. 143, 148, 144, 182, 183.) In text-only orders entered May 18 and December 9, 2016, Magistrate Judge Davis denied Plaintiffs' requests and struck his proposed amended pleadings. Plaintiff filed his first objection to Magistrate Judge Davis' decision not to allow an amended complaint on January 3, 2017. (ECF No. 187.) He filed additional objections on January 9, 2017, and exhibits in support of his objection on January 19, 2017. (ECF No. 189, 190.)

When a party objects to a magistrate judge's non-dispositive decision, the reviewing court must affirm the magistrate judge's ruling unless the objecting party demonstrates that it is "clearly erroneous" or "contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). The "clearly erroneous" standard does not empower a reviewing court to reverse a magistrate judge's finding because it would have decided the matter differently. *See, e.g., Anderson v. Bessemer City, N.C.*, 470 U.S. 564, 573-74 (1985). Instead, the "clearly erroneous" standard is met when despite the existence of evidence to support the finding, the court, upon reviewing the record in its entirety, "is left with the definite and firm conviction that a mistake has been committed." *Id*. (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).

Plaintiff fails to demonstrate that Magistrate Judge Davis clearly erred in denying his requests for leave to amend the complaint. Contrary to Plaintiff's assertion, Magistrate Judge Davis did provide reasons for her decisions. Each text-only order

3

referred to Magistrate Judge Hluchaniuk's October 26, 2015 order, and Magistrate Judge Hluchaniuk expressly stated the reasons for his decision in that order (as set forth above). As both magistrate judges correctly found, Plaintiff has not complied with the applicable federal rules in seeking leave to amend his complaint, despite having those rules expressly set forth for him.

Therefore, this Court is rejecting Plaintiff's objections to the magistrate judge's decision denying him leave to amend his complaint and striking his proposed pleadings. Magistrate Judge Davis' decisions are **AFFIRMED**.

**IT IS SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: February 1, 2017

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, February 1, 2017, by electronic and/or U.S. First Class mail.

s/ Richard Loury
Case Manager