UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| CHRISTOPHER ROBINSON, | Case No. 14-11987 |
| Plaintiff, | Linda V. Parker |
| v. | United States District Judge |
| STEPHEN ANDREWS, et al., | Stephanie Dawkins Davis |
| | United States Magistrate Judge |
| Defendants. | |
| _____/ | |

**REPORT AND RECOMMENDATION
RULE 41B DISMISSAL OF DEFENDANTS ANDREWS,
BOOTH, MAUDLIN AND PITTSFIELD TOWNSHIP
and <u>MOTION FOR SUMMARY JUDGMENT (Dkt. 185)</u>**

## I.   PROCEDURAL HISTORY

On May 19, 2014, plaintiff Christopher Robinson, an inmate incarcerated by the Michigan Department of Corrections and currently confined at the Carson City Correctional Facility in Carson City, Michigan, brought this action under 42 U.S.C. § 1983, claiming a violation of his rights under the Fourth, Eighth and Fourteenth Amendments of the United States Constitution.  (Dkt. 1).  On January 7, 2016, this case was referred to the undersigned by District Judge Linda V. Parker for all pretrial purposes. (Dkt. 151).

On December 14, 2016 defendants Stephen Andrews, Shawn Booth, Jim Maudlin, and Pittsfield Township filed a motion for summary judgment pursuant

to Federal Rule of Civil Procedure 56. (Dkt. 185, Pg ID 2568). Because plaintiff had not filed a response to defendants' motion, on February 10, 2017, the undersigned ordered plaintiff to file a response to the motion by March 27, 2017. (Dkt. 192). In the court's order, the undersigned warned plaintiff that **"[f]ailure to file a response may result in sanctions, including granting all or part of the relief requested by the moving party."** (*Id.*) (emphasis in original).

On March 27, 2017, plaintiff requested an extension of time to respond to defendants' motion which the court granted, allowing plaintiff until April 26, 2017 to respond to defendants' motion. (Dkt. 193; *see also* Text-Only Order, dated April 3, 2017). The Text-Only Order indicated that "No further extensions will be granted." (*Id.*) On April 3, 2017, the court provided plaintiff with a copy of the Text-Only Order. (*See* Text-Only Certificate of Service of 4/3/2017).

Having not received plaintiff's response by the extended deadline, on June 22, 2017, the undersigned ordered plaintiff to show cause in writing on or before July 6, 2017 why the court should not dismiss his complaint because of his failure to file a response. (Dkt. 202). Alternatively, the court told plaintiff that he could file a response to the motion for summary judgment by July 6, 2017. (*Id.*) Again, the court warned plaintiff that **"[f]ailure to timely or adequately respond in writing to this Order to Show Cause or timely file a response to the motion for summary judgment will result in a recommendation that the motion be**

2

**granted or that the entire matter be dismissed under Rule 41(b)."** (*Id.*) (emphasis in original).

As of the date of this Report and Recommendation, plaintiff has not filed a response to the court's order to show cause. Consequently, for the reasons set forth below, the undersigned **RECOMMENDS** that plaintiff's complaint against defendants Andrews, Booth, Maudlin and Pittsfield Township be **DISMISSED** with prejudice under Federal Rule of Civil Procedure 41(b) and that defendants' motion for summary judgment be **TERMINATED** as moot.

## II.     ANALYSIS AND CONCLUSIONS

Under Federal Rules of Civil Procedure 41(b), a federal court may *sua sponte* dismiss a claim for failure to prosecute or comply with an order. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-32 (1962); *Steward v. City of Jackson*, 8 Fed. Appx. 294, 296 (6th Cir. 2001). Indeed, the "authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Link*, 370 U.S. at 629. "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link*, 370 U.S. at 629-630. "[D]istrict courts possess broad discretion to sanction parties for failing to comply with procedural requirements." *Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick, and GMC Trucks, Inc.*, 173 F.3d 988, 991

3

(6th Cir. 1999), citing *Carver v. Bunch*, 946 F.2d 451, 453 (6th Cir. 1991). Further, "a district court can dismiss an action for noncompliance with a local rule ... if the behavior of the noncomplying party rises to the level of a failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure." *Tetro*, 173 F.3d at 992.

The Sixth Circuit considers four factors in reviewing the decision of a district court to dismiss a case for failure to prosecute:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005), citing *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999). On balance, these factors weigh in favor of dismissal here. With respect to the first factor, similar to the facts in *White v. Bouchard*, 2008 WL 2216281, *5 (E.D. Mich. 2008), "it is not clear whether plaintiff's failure to prosecute is due to willfulness, bad faith or fault." *Id*. Regardless, "defendants cannot be expected to defend an action," that plaintiff has "apparently abandoned, not to mention the investment of time and resources expended to defend this case." *Id*. The undersigned notes that this case has been pending for over three years and defendants' motion for summary

4

judgment has been pending since December of 2016.  While plaintiff requested an extension to file a response to defendants' motion, plaintiff missed his extended response deadline and without explanation has failed to file a response to the court's show cause order.  For these reasons, the first and second factors weigh in favor of dismissal.

Moreover, based on the warnings given to plaintiff, the third factor also clearly weighs in favor of dismissal.  This court has regularly dismissed cases under Rule 41(b) after a plaintiff has been warned of dismissal, failed to comply with court orders without explanation, where defendants expended resources on an abandoned action and lesser sanctions would prove useless.  *See e.g.*, *Croton v. Recker*, 2012 WL 3888220, at *2 (E.D. Mich. Sept. 7, 2012).  Importantly, despite the court's warnings that his action may be dismissed, plaintiff failed to respond to the court's order to show cause as to defendants Andrews, Booth, Maudlin and Pittsfield Township.  (*See* Dkt. 192, 202).  First, the court warned plaintiff in February 2017 that a failure to respond to the motion for summary judgment may result in sanctions, including granting all or part of the relief requested by defendants.  (Dkt. 192, Pg ID 2674).  After plaintiff did not respond, the show cause order indicated that a failure to respond "**will result in a recommendation that the motion be granted or that the entire matter be dismissed under Rule 41(b).**"  (Dkt. 202, Pg ID 3125) (emphasis in original).  Despite these clear

5

warnings, plaintiff has provided no good reason why the undersigned should not dismiss defendants Andrews, Booth, Maudlin and Pittsfield Township. *See Labreck v. U.S. Dep't of Treasury*, 2013 WL 511031, at *2 (E.D. Mich. 2013) (recommending dismissal for plaintiff's failure to comply with orders of the court), *adopted by* 2013 WL 509964 (E.D. Mich. 2013).

And finally, given plaintiff's failure to respond to the court's order to show cause, the undersigned sees no utility in considering or imposing lesser sanctions. Thus, taken together, these factors support dismissal for failure to prosecute. It is true that "district courts should be especially hesitant to dismiss for procedural deficiencies where, as here, the failure is by a *pro se* litigant." *White v. Bouchard*, 2008 WL 2216281, at *5 (E.D. Mich. May 27, 2008) (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)). However, "dismissal is appropriate when a *pro se* litigant has engaged in a clear pattern of delay." *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). Indeed, a *sua sponte* dismissal may be justified by a plaintiff's "apparent abandonment of [a] case." *White*, 2008 WL 2216281, at *5 (citing *Washington v. Walker*, 734 F.2d 1237, 1240 (7th Cir. 1984)); *see also Labreck v. U.S. Dep't of Treasury*, 2013 WL 511031, at *2 (E.D. Mich. 2013) (recommending dismissal for plaintiff's failure to comply with orders of the court), *adopted by* 2013 WL 509964 (E.D. Mich. 2013); *McMillian v. Captain D's*, 2007 WL 2436668, at *2 (D.S.C. 2007) (dismissing motion to dismiss and to compel

arbitration because of plaintiff's failure to respond despite being advised of the applicable procedures and possible consequences for failure to respond adequately).

The undersigned concludes that, for the reasons discussed above, plaintiff has effectively abandoned his case against defendants Andrews, Booth, Maudlin and Pittsfield Township by failing to file a response to the motion for summary judgment as ordered, and for failing to comply with the show cause order of the Court. Under these circumstances, dismissal with prejudice is appropriate.

## III.   RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that plaintiff's complaint against defendants Andrews, Booth, Maudlin and Pittsfield Township be **DISMISSED** with prejudice under Federal Rule of Civil Procedure 41(b) and that defendants' motion for summary judgment (Dkt. 185) be **TERMINATED** as moot.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some

issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: July 12, 2017                    s/Stephanie Dawkins Davis
                                       Stephanie Dawkins Davis
                                       United States Magistrate Judge

## CERTIFICATE OF SERVICE

      I certify that on <u>July 12, 2017</u>, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to all counsel of record, and I certify that I have mailed by United States Postal Service the foregoing pleading to the following non-ECF participant, at the following address: <u>Christopher Robinson #206760, Carson City Correctional Facility, 10274 Boyer Road, Carson City, MI 48811.</u>

                                                <u>s/Tammy Hallwood</u>
                                                Case Manager
                                                (810) 341-7887
                                                tammy_hallwood@mied.uscourts.gov