UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER ROBINSON,

    Plaintiff,

                                                Civil Case No. 14-11987
v.                                       Honorable Linda V. Parker

STEPHEN ANDREWS, et al.,

    Defendants.
_____/

## OPINION AND ORDER (1) ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION; (2) DISMISSING DEFENDANTS; AND (3) TERMINATING AS MOOT THE MOTION FOR SUMMARY JUDGMENT [ECF NO. 185]

On May 9, 2014, Plaintiff commenced this civil rights action against thirty-two defendants pursuant to 42 U.S.C. § 1983. Plaintiff's claims against Defendants arise from his arrest for an alleged parole violation, the revocation of his parole, and events that occurred after he was re-paroled in May 2011. This Court has referred the matter to Magistrate Judge Stephanie Dawkins Davis for all pretrial matters.

On December 14, 2016, the five defendants remaining in this action (Stephen Andrews, Shawn Booth, Jim Maudlin, Pittsfield Township, and the Pittsfield Township Police Department) filed a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. (ECF No. 185.) On February 10,

2017, when Plaintiff had not responded to the motion, Magistrate Judge Davis ordered him to do so by March 27, 2017. (ECF No. 192.) Magistrate Judge Davis warned Plaintiff that his "[f]ailure to file a response may result in sanctions, including granting all or part of the relief requested by the moving party." (*Id*., emphasis removed.)

On March 27, 2017, Plaintiff requested an extension of time to file his response, which Magistrate Judge Davis granted. (ECF No. 193.) Magistrate Judge Davis extended Plaintiff's deadline to April 26, 2017, warning Plaintiff that "[n]o further extensions will be granted." (*Id*.) When Plaintiff failed to file his response by the extended deadline, Magistrate Judge Davis ordered him to show cause in writing on or before July 6, 2017, why the Complaint should not be dismissed due to his failure to respond. (ECF No. 202.) Magistrate Judge Davis provided Plaintiff with the alternative option of filing a response to the motion for summary judgment by July 6, 2017. (*Id*.) Magistrate Judge Davis again warned Plaintiff that "[f]ailure to timely or adequately respond" (either to the show cause order or the motion) would result in a recommendation that the motion be granted or the matter dismissed under Rule 41(b) of the Federal Rules of Civil Procedure. (*Id*.)

As of July 12, 2017, Plaintiff had not responded to Magistrate Judge Davis' show cause order or filed a response to the pending summary judgment motion. Therefore, on that date, Magistrate Judge Davis issued a Report and Recommendation ("R&R") recommending that this Court dismiss with prejudice Plaintiff's Complaint against the remaining defendants pursuant to Rule 41(b) and terminate as moot the pending summary judgment motion. (ECF No. 205.)

At the conclusion of her R&R, Magistrate Judge Davis informs the parties that they must file any objections to the R&R within fourteen days. (*Id.*) The Court received two, almost identical documents from Plaintiff identified as objections to the R&R, which were filed on July 27 and August 1, 2017, respectively.[1] (ECF Nos. 209, 210.) Defendant filed a response to Plaintiff's objections on August 3, 2017. (ECF No. 212.)

When objections are filed to a magistrate judge's report and recommendation on a dispositive matter, the court "make[s] a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The court, however, "is not required to articulate

---

1 Plaintiff also filed a motion for an extension of time to respond to Magistrate Judge Davis' June 22, 2017 show cause order, which Plaintiff signed and dated July 3, 2017 and which was filed July 12, 2017. (ECF No. 206.) Magistrate Judge Davis denied Plaintiff's motion on July 28, 2017. (ECF No. 208.)

all of the reasons it rejects a party's objections." *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001) (citations omitted). A party's failure to file objections to certain conclusions of the report and recommendation waives any further right to appeal on those issues. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Likewise, the failure to object to certain conclusions in the magistrate judge's report releases the Court from its duty to independently review those issues. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985).

Plaintiff identifies three objections to Magistrate Judge Davis' July 12, 2017 R&R. The first and third objection, however, do not address the R&R. In his first objection, Plaintiff repeats his allegations supporting his claims. In his third objection, Plaintiff addresses earlier decisions denying him leave to file an amended complaint. Only Plaintiff's second objection attempts to address Magistrate Judge Davis' recommendation that this Court dismiss Plaintiff's Complaint pursuant to Rule 41(b).

Specifically, in this objection, Plaintiff discusses his motion for stay and abeyance filed March 31, 2017. Plaintiff indicates that he was waiting for a ruling on the motion before responding to the motion for summary judgment. Plaintiff also states that he did not receive Magistrate Judge Davis' show cause order in time to meet its deadline.

4

Until a stay was entered in response to Plaintiff's request (which it never was), this matter proceeded and Plaintiff was required to comply with the imposed deadlines. There was no basis for Plaintiff to believe otherwise, as Magistrate Judge Davis expressly ordered him to respond to her show cause order despite the pendency of his motion.[2] Furthermore, this Court denied Plaintiff's motion to stay as moot *before* the expiration of his deadline to file a response.

Plaintiff's claim that he lacked time to respond to the show cause order is disingenuous. In his motion for an extension of time to respond to Magistrate Judge Davis' show cause order, Plaintiff stated that he received the order on June 27, 2017.[3] (ECF No. 206 at Pg ID 3141.) This was ample time for Plaintiff to respond to the order. However, instead of responding at that time—or any time soon after—Plaintiff sought yet another extension. As Magistrate Judge Davis set forth in her July 12, 2017 R&R, Plaintiff's response to the motion for summary judgment initially was due March 27, 2017. Magistrate Judge Davis granted him an extension beyond that date, which he also failed to meet despite being warned that no further extensions would be granted.

---

2 Notably, when he sought an extension of time to respond to the show cause order, Plaintiff did not mention the pendency of his motion for a stay as a reason why an extension was needed. (ECF No. 206.)

3 Plaintiff did not cite any delay in his receipt of Magistrate Judge Davis' show order as a reason why he needed the extension.

For these reasons and the reasons set forth in Magistrate Judge Davis' July 12, 2017 R&R, the Court rejects Plaintiff's objections to the R&R and concurs with Magistrate Judge Davis that Rule 41(b) dismissal is appropriate.

Accordingly,

**IT IS ORDERED** that Magistrate Judge Davis' July 12, 2017 R&R is adopted and Plaintiff's Complaint against Defendants Stephen Andrews, Shawn Booth, Jim Maudlin, Pittsfield Township, and the Pittsfield Township Police Department is **DISMISSED** pursuant to Federal Rule of Civil Procedure 41(b);

**IT IS FURTHER ORDERED** that the motion for summary judgment (ECF No. 185) is **TERMINATED AS MOOT**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: August 14, 2017

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, August 14, 2017, by electronic and/or U.S. First Class mail.

s/ R. Loury
Case Manager